**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Eddie C. ALLEN, Rose Lee White, and**
**Andrew Preston Perkins,**
**Defendants-Appellants.**

**No. 77-5786.**

United States Court of Appeals,
Fifth Circuit.

March 21, 1979.

L. Haldane Taylor, Jacksonville, Fla.
(Court-appointed), for Allen.

James W. Stirling, Jacksonville, Fla.
(Court-appointed), for White.

Andrew Preston Perkins, pro se.

Raymond E. Makowski, F. Joseph Du-
Bray, Jacksonville, Fla., for Perkins.

John J. Daley, Jr., U. S. Atty., Ernst D.
Mueller, Asst. U. S. Atty., Jacksonville, Fla.,
for plaintiff-appellee.

ON PETITION FOR REHEARING

Before BROWN, Chief Judge, TUTTLE
and HILL, Circuit Judges.

PER CURIAM:

Appellant Andrew Preston Perkins has
petitioned for rehearing calling to our at-
tention an error in the summary of the
government's evidence as recounted in the
opinion in this case issued February 5, 1979,
588 F.2d 1100. On page 1103 reads as fol-
lows:

> Willie Bannister, who appeared in sur-
> veillance only on January 27 and Febru-
> ary 23, 1977, testified that he sold Bond,
> Total, and Races for about six months.
> His testimony was indefinite as to the
> date when he quit selling. Puzie testified
> that he began selling when he was re-
> cruited by Perkins and that since then
> Allen picked up bets at Puzie's apartment

on Mondays, Thursdays, and Saturdays,
and Perkins met with him once a week to
settle up. A search of Bannister's Con-
fectionary yielded no paraphernalia.
Bannister said that he had spotted the
surveillance and gotten rid of any para-
phernalia.

In the third sentence of this paragraph,
"Puzie" should read "Bannister."

This change does not alter the evidence
which the court considered in stating at p.
1104 that "[t]he direct testimony of Willie
Bannister that Perkins recruited him into
the numbers operation and met with him
weekly to settle accounts, together with
Perkins' repeated appearance in the pattern
of surveillance, was substantial evidence
upon which the jury could conclude that
Perkins was the operator of the lottery."

The language is changed accordingly and
the petition for rehearing is DENIED.